# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | NO. 3:02CR151-2 |
| GARY MITCHELL | DEFENDANT |

## MEMORANDUM OPINION

This cause comes before the Court on the motion of defendant Gary Mitchell [200-1], pursuant to Federal Rules of Criminal Procedure 35[1], to reconsider the reduced sentence imposed on January 6, 2005. For the reasons set forth below, the Court determines that it lacks jurisdiction to rule on Mitchell's motion, which is DENIED.

On August 20, 2003, the Court sentenced Gary Mitchell to 15 years incarceration for his involvement as a large scale drug dealer. The relevant sentencing guidelines in this case originally provided for a sentence of 360 months to life in prison. A plea agreement entered into between the Government and Mitchell further limited the Court's sentencing discretion to a maximum of 240 months imprisonment. The Court subsequently granted the Government's motion for a downward departure from 240 months to 180 months pursuant to Rule 5K of the Sentencing Guidelines.

On January 6, 2005, Mitchell's sentence was further reduced by three months pursuant to a Rule 35(b) motion and in light of the Court's recognition of the substantial assistance provided by Mitchell through his testimony against other defendants. This reduction was granted at the Government's request and in spite of the fact that Mitchell attempted to have a cooperating witness murdered during the course of these proceedings. On the seventh day after the three-month

---

[1] In the defendant's memorandum in support of his amended motion for reconsideration of sentence, Mitchell argues at length under Rule 35(b). It is well established that Rule 35(b) motions may only be brought by the Government, which has not done so in this instance. Thus, if the Court is to consider Mitchell's motion at all, it must do so in the context of a Rule 35(a) motion and its attendant time limits.

reduction was issued, defendant timely filed a Rule 35(a) motion to reconsider the amount of the reduction. The Court heard oral arguments on April 5, 2005. The question before the Court is whether it has the authority to rule on the Rule 35(a) motion.

Federal Rule of Criminal Procedure 35 was substantially amended in 1987. Previously, the court was given the authority to alter a sentence up to 120 days after the original sentence was imposed. Pursuant to the new Rule 35, "**within 7 days after sentencing**, the court may correct a sentence that resulted from **arithmetical, technical, or other clear error**." Fed. R. Crim. P. 35(a) (2005)(emphasis added). In determining whether to adopt the old period of 120 days, the Advisory Committee to the rules rejected the longer period and accepted only a short 7 day period because it "believed that such a change would inject into Rule 35 a degree of postsentencing discretion which would raise doubts about the finality of determinate sentencing that Congress attempted to resolve by eliminating former Rule 35(a)." Fed. R. Crim. P. 35 advisory committee's note. The Advisory Committee further discussed the limitation of the Court's authority to rule on such motions by noting that a longer period "would defeat Congress' intent to provide finality in sentencing and would create an unacceptably large realm of postsentencing discretion." United States v. Lopez, 26 F.3d 512, 519 (5th Cir. 1994). In the note to Rule 35, the Advisory Committee stated:

> [Rule 35(a)] is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.
>
> "[M]odifications must occur within the seven-day window immediately following the imposition of the original sentence." United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). In Bridges, the defendant was sentenced on June 20, 1996 and filed a motion to reconsider pursuant to Rule 35 on June 21, 1996. Id. While the motion was timely filed by the defendant, the court did not resentence the defendant until August 9, 1996. Id. The Fifth Circuit Court of Appeals held that "the district court's modification of Bridge's sentence occurred approximately 50-days after the

2

> imposition of the initial sentence, clearly outside the seven-day window. Thus we
> conclude that *the district court lacked jurisdiction* to resentence Bridges."

Id. (emphasis added).

In United States v. Gonzalez, 163 F.3d 255, 263 (5th Cir. 1998), the district court imposed a sentence on the defendant on November 8, and the defendant timely filed a Rule 35 motion 7 days later. Id. The district court resentenced the defendant on November 22, more than 7 days after the initial sentence was issued. Id. In light of the strict 7 day limit on the court's ability to correct a sentence pursuant to Rule 35, the Fifth Circuit reinstated the original sentence and held that "the district court lacked jurisdiction to resentence [the defendant]." Id. at 264.

The Fifth Circuit reached the same conclusion in United States v. Lopez, in which the defendant was sentenced on December 4, 1992 and was resentenced on March 12, 1993. United States v. Lopez, 26 F.3d 512, 520 (5th Cir. 1994)(holding that resentencing "occurred outside the seven-day window and the district court lacked jurisdiction"). In so finding, the Fifth Circuit quoted with approval language from the Fourth Circuit stating that Rule 35 "requires . . . that the sentencing court act within the time frame prescribed in the rule." Id. (citing United States v. Fahm, 13 F.3d 447, 453-54 (4th Cir. 1993)).

In light of the foregoing analysis, the Court holds that it may correct or reduce a sentence pursuant to Rule 35(a) so long as the Court imposes the correct sentence within seven days of the date upon which the incorrect sentence was imposed. It is irrelevant when such a motion is filed. Moreover, even if the Court were to act within the seven-day period, it may only deviate from the imposed sentence if it is incorrect due to an "arithmetical, technical, or other clear error." Because no such errors exist in this case and because more than seven days have passed since the reduced sentence was issued on January 6, 2005, this Court lacks jurisdiction to rule on the motion before

3

it.

ACCORDINGLY, Mitchell's motion for reconsideration of sentence is DENIED. The Court notes, however, that in the event that the government were to file a new Rule 35(b) motion, it would take into account all relevant facts then existing, including but not limited to a recent letter written by Raymond Poirier on Mitchell's behalf.  Regardless of the Government's choice to file another Rule 35(a)  motion, the Court reiterates that it considers death threats to be most egregious, and that such threats made by the defendant have played a significant role in this Court's consideration of the sentence imposed in this action.

**SO ORDERED**, this is the 26th day of April, 2005.


                                                                          /s/ Michael P. Mills
                                                                        **UNITED STATES DISTRICT JUDGE**